Charles CALLIHAN, et al., Plaintiffs,

v.

**UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY, et al., Defendants.**

**No. CIV. A. 00–2988(JR).**

United States District Court,
District of Columbia.

May 15, 2001.

---

Arthur L. Fox II, Lobel Novins & Lamont, Washington, DC, for Plaintiffs.

Sally M. Tedrow, Dinah S. Leventhal, O'Donoghue & O'Donoghue, Washington, DC, for Defendants.

### *MEMORANDUM AND ORDER*

ROBERTSON, District Judge.

Charles Callihan and Wilmer Thomas have sued the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry (the Union) and its president, Martin Maddaloni for declaratory and injunctive relief on a number of labor law grounds. The Union moves to dismiss the plaintiffs' claim that Section 199 of the Union's constitution violates 29 U.S.C. § 411(a)(2), arguing that these plaintiffs lack standing to present that claim. The Union's motion will be denied.

Section 199 of the Union's constitution provides "Any member of the United Association found guilty of sending out circular letters of falsehood and misrepresentation shall be expelled, and the Local Union that permits such action shall also be expelled."

Callihan publishes a newsletter that often contains criticism of union officials. In March 2000, the business manager of Callihan's local union, John Hammond, filed a grievance under Section 199, alleging that Callihan was "[m]ailing and distributing newsletters containing falsehoods about the Local Union and other inflammatory statements." Hammond later dropped his grievance, and Callihan continues to publish his newsletter. Callihan nevertheless alleges that he faces constant criticism, that he has been subjected to hostile treatment because he has been branded a troublemaker, and that he fears future prosecution under Section 199.

Callihan's challenge to Section 199 invokes 29 U.S.C. § 411(a)(2), which provides:

Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided*, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the respon-

sibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

■ Defendants' standing argument relies upon *United Presbyterian Church v. Reagan,* 738 F.2d 1375 (D.C.Cir.1984), which established that a subjective and speculative fear of future prosecution is insufficient to confer standing. *Id.* at 1379–80. The plaintiffs in *United Presbyterian* lacked standing because they were unable to allege that "any specific action [was] threatened or even contemplated against them," *Id.* at 1380, and because there were "no commands[,] prohibitions[, or] standards," against them. *Id.* at 1378.

■ In *United Presbyterian,* however, the challenged order "[did] not *direct* intelligence-gathering activities against all persons who could conceivably come within its scope, but merely *authorize[d]* them." *Id.* at 1380. Here, by contrast, plaintiffs point to a specific provision in Section 199 that *requires* a local union to enforce its commands or suffer expulsion. Callihan's allegation that he has undertaken, and continues to undertake, activities that place him at genuine risk of prosecution under Section 199 is thus sufficiently concrete to defeat the assertion that he lacks standing. *See Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979) ("When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder, he 'should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.' ").[1] Callihan has alleged "an

actual and well-founded fear that the law will be enforced against [him]," *Virginia v. American Booksellers Ass'n,* 484 U.S. 383, 393, 108 S.Ct. 636, 98 L.Ed.2d 782 (1988), and he also alleges a harm of "self-censorship ... that can be realized even without an actual prosecution." *Id.; see also Ruocchio v. United Transp. Union,* 181 F.3d 376 (3d Cir.1999) (action under 411(a)(2) can continue even after charges are dropped so that plaintiff can seek declaratory and injunctive remedy to prevent further chilling of union speech), *cert. denied,* 528 U.S. 1154, 120 S.Ct. 1158, 145 L.Ed.2d 1070 (2000).

■ The Union's fall back argument, that only local officials are responsible for enforcing Section 199 so that any injury to Callihan is not traceable to the Union, is untenable. Not only is Section 199 a part of the national union's constitution, but the local is required by its terms to enforce it.

It remains to be decided whether Section 199 is unlawful in view of 29 U.S.C. § 411(a)(2), but it is this —— day of May, 2001,

ORDERED that defendants' motion to dismiss that claim for lack of standing [# 5] is **denied.**

---

**1.** This principle is not limited to cases involving criminal sanctions. *See Babbitt,* 442 U.S. at 302 at n. 13, 99 S.Ct. 2301.